1. Yamazaki v. Immigration Board of American Samoa, AP No. 014-79.

-----------------------

*Honorable Edward J. Schwartz, Chief United States District Court Judge, Southern District of California, sitting by designation of the Secretary of the Department of the Interior.
**Honorable Paul D. Shriver, United States District Court Judge, Retired, Territory of Guam, sitting by designation of the Secretary of the Department of the Interior.

HARUO YAMAZAKI, Appellant,
v.
IMMIGRATION BOARD OF AMERICAN SAMOA, Appellee.

High Court of American Samoa
Appellate Division

AP No. 14-79

April 16, 1980

Before MURPHY, Associate Justice, presiding, SCHWARTZ*, Acting Accociate Justice, SHRIVER**, Acting Associate Justice, POUTOA, Associate

8

Judge, and SEVA'AETASI, Associate Judge.

PER CURIAM.

Petitioner was charged with violation of 9 ASC 10 and 208(b) by failing to give information or notice of a change of address and by becoming employed without the approval of the Immigration Board of American Samoa. After a hearing on these issues, the Immigration Board of American Samoa (sometimes herein after the Board) ruled that Petitioner should be deported from this territory. Prior to the deportation, Petitioner sought and received an order staying deportation. There was a factual dispute as to whether or not the Office of the Attorney General had notice of the stay order and Petitioner was deported. At a prior hearing before this Court, the Government of American Samoa (sometimes hereinafter the Government) was ordered to permit the re-entry of the petitioner giving him the same immigration status he held as of the date of the stay order.

The issues presented are: was the Board properly constituted; did it have the quorum required to hold a hearing; and can the Petitioner be deported under the facts of this case. Because of our resolution of the first two issues, we need not address the third.

The applicable Sections of Title 9 [now ASCA sections 41.0505 and 41.0506], American Samoa Code are quoted here in full:

"Section 261. Creation, composition, chairman.
There is hereby created the immigration board of American Samoa, consisting of the Attorney General, the chief immigration officer, the President of the Senate, the Speaker of the House of Representatives, and the Secretary of Samoan Affairs. The board shall elect its own chairman at its first meeting each year.
"Section 262. Meetings, quorum, vote.
The board shall meet at times and places determined necessary by the chairman for conducting business of the board. The presence of at least three members shall be necessary to constitute a quorum and a vote of the majority will be required to decide any issue. All members of the board including the chairman shall be entitled to one vote."

One other statute is useful in analyzing this case. Title 3, American Samoa Code, section 14 (delegation of executive authority):

Authority but not the responsibility vested in the Governor or any other persons in the executive branch of the Governement of American Samoa may be delegated by that person to other officers and employees of the executive branch (as amended in 1977).

Respondent argues that the topic of Immigration law in American Samoa is an important topic and should not be treated lightly. We are of the same belief and judging from the blue ribbon panel established under 9 ASC 261, it appears that the Fono feels similarly. The members of the Fono were very explicit as to who would be the members of the Board, how many there would be, and how many would constitute a quorum. The Fono is aware that a statute is necessary if any officials of the Government are to be permitted to delegate their powers, 3 ASC 14, which permits the delegation of powers for the executive branch of the Government was placed in the 1961 version of the American Samoa Code and amended as recently as 1977. Knowing the Fono has given only the Executive Branch the power to delegate authority, we

9

compare the members of the Petitioner's Board to the board required by law.

Page 1 of the transcript of the Petitioner's hearing before the Board indicates the following people were present: Chief Fealofani, representing the Secretary of Samoan Affairs, Senator Fa'amausili of the Senate, Representative Frank Reed of the House of Representatives, Chief Immigration Officer So'oso'o Tuiolemotu, Acting Chairman Aviata Fa'alevao, Reporter Miss Tia Aitaoto, counsel for the Petitioner and the Petitioner. Petitioner requested that Mr. Aviata fa'alevao and Chief Immigration Officer So'oso'o Tuiolemotu disqualify themselves from hearing Petitioner's case because they were directly involved in the prosecution of the criminal case against Petitioner. This was agreed to by the board. This action left Chief Fealofani, representing the Secretary of Samoan Affairs, Senator Fa'amausili of the Senate, and Representative Frank Reed of the House of Representatives. Respondent admits that Senator Fa'amausili is not the President of the Senate and that Frank Reed is not the Speaker of the House of Representatives.

Although there was no proof submitted as to this delegation it is possible under 3 ASC 14, that if the Secretary of Samoan Affairs delegated his authority to sit on the Board to Chief Fealofani, then Chief Fealofani would be one member of three required for a quorum by 9 ASC 262. There being no statute permitting delegation of authority for members of the Legislative Branch of the Government, and neither the President of the Senate nor the Speaker of the House being present, we find no quorum present. Without a quorum, the action taken by the people hearing Petitioner's case can be of no effect.

We hold that a person is entitled to due process of law before he can be deported from American Samoa. Because Petitioner did not receive a hearing before a Board constituted as required by statute, we find that Petitioner was deprived of the due process of law to which he was entitled.

IT IS ORDERED that the Order of the Immigration Board of American Samoa dated August 22, 1979, and directed towards Haruo Yamazaki be and hereby is vacated.

IT IS FURTHER ORDERED that Haruo Yamazaki is hereby restored to the immigration status that he held as of August 21, 1979.

---

*Honorable Edward J. Schwartz, Chief United States District Court Judge, Southern District of California, sitting by designation of the Secretary of the Department of the Interior.